JAMES H. BUTLER, CLAIMANT, ETC., ET AL. *v.* JAMES W. LEE, SHERIFF, ETC., ET AL.

1. DEED OF TRUST. *Claimant's issue. Trustee. Execution creditor. Case in judgment.*

   Where a chattel is levied on under an execution on a judgment junior in date to a deed of trust given by the judgment debtor thereon, and the trustee makes affidavit and claims the chattel, if the condition of the trust-deed is broken when the trustee's claim is interposed, he should prevail; otherwise, not.

2. SAME. *Levy on grantor's interest in personalty.*

   In order to levy on personal property, the sheriff must be able to take possession, although by a levy on realty the possession is not affected. Hence the equity of redemption in realty, as held in *Byrd* v. *Clarke*, 52 Miss. 623, may, at any time before foreclosure, be sold under execution against the mortgagor or grantor; but the sheriff cannot seize and hold personal property against the paramount right of the mortgagee or trustee to possession after breach of the condition of the trust deed or mortgage.

3. SAME. *Claimant's issue. Measure of recovery of plaintiff in execution.*

If the trial of the right of property subject to a mortgage or deed of trust, seized under execution, results against the claimant under the mortgage or trust-deed, the value of the property in excess of the debt it secures, being all that is subject to execution, would furnish the measure of the execution creditor's rights.

4. SAME. *Burden of proof in claimant's issue. Breach of condition must be negatived.*

In such a case, the burden of proof is on the plaintiff in execution to show the liability of the property to the execution as against the claimant; and, if he fails to show whether the condition of the deed of trust or mortgage was broken before the claim was interposed, he fails to show the right of the sheriff to hold the property.

ERROR to the Circuit Court of Monroe County.

Hon. J. A. GREEN, Judge.

From the agreed transcript it appears that an execution on a judgment of a justice of the peace, rendered March 24, 1875, in favor of B. M. Terrell & Co., for the use of B. M. Terrell, against Barbour Quarles, was, on April 9, 1875, levied on a mule, which the sheriff valued at $100. James H. Butler, the beneficiary in a deed of trust wherein John A. Stevenson was trustee, executed in November, 1874, on the mule, by Barbour Quarles, and recorded in December, 1874, made oath, gave bond with F. E. Stout as surety, and claimed the mule under § 858 Code 1871. From a judgment of the justice in favor of the claimant an appeal was taken to the Circuit Court, the appeal bond being signed by James W. Lee, B. M. Terrell and R. A. Honea, and the affidavit made by James W. Lee. In the Circuit Court it was agreed that no objection was made or to be made on account of parties to the proceedings; and, a jury being waived, the case was submitted to the court, which found the issue " in favor of B. M. Terrell, the plaintiff in the execution," and gave judgment for him against " James H. Butler, plaintiff in this action, and F. E. Stout, surety on his claimant's bond," for the mule, if to be had, and, if not, for its value. J. H. Butler and F. E. Stout brought up the case.

*Baxter McFarland*, for the plaintiffs in error.

1. There was nothing subject to the judgment but the equity of redemption. The sheriff levied on the mule, of which he had no right to take possession. His possession was wrongful.

2. The doctrine that the sheriff may seize and hold the mule in order to sell the equity of redemption leads to such anomalous results, that it cannot be sustained.

3. The learned counsel argued at great length the foregoing propositions, reviewing and commenting on Code 1871, § 2295.

*Houston & Reynolds*, for the defendants in error.

1. Is the interest in personal property, conveyed by the owner in trust to secure the payment of a debt, salable under an execution at law, emanating from a judgment rendered after the registration of the conveyance?

(1.) At common law, the interest of the mortgagor in personal property, who retains possession by the terms of the mortgage, is salable under execution. The sale passes the usufruct, such use to continue as prescribed in the mortgage. 5 Ohio St. 92; 2 Ala. 318; 28 N. Y. 584; 22 N. Y. 230; 5 Ala. 778.

(2.) In Mississippi, by statute, the equity of redemption of a mortgagor or grantor in a deed of trust may be sold under an execution at law. *Carpenter* v. *Bowen*, 42 Miss. 28.

2. While the foregoing principles are indirectly conceded by counsel for the plaintiff in error, and are certainly sustained by authority, yet it is contended that the sheriff cannot take actual possession of the property, but must simply advertise and sell the intangible equity of redemption. The sheriff has the right to levy upon an equity of redemption, and *take possession of the property*. *Heimberger* v. *Boyd*, 18 Ind. 420; *Schrader* v. *Wolfin*, 21 Ind. 238. The interest of a mortgagor who retains possession of property by the terms of the mortgage is salable under execution, and the mortgagee cannot maintain replevin for its recovery. If his security be placed in jeopardy, his remedy is in a court of equity. 5 Ohio St. 92. The very question involved in this case was decided in *McDonald* v. *Foster*, 5 Ala. 664, which holds that the plaintiff in execution is entitled to have the interest of a mortgagor *levied on* taken into possession and sold; and that on the trial of an issue as to the right of property the mortgagee cannot prove the value of the equity of redemption, but the property must be sold, and the mortgagee may assert his rights against the purchaser. *Williams* v. *Jones*, 2 Ala. 319.

3. The officer, in making the levy, need not state in his return that he levies on the equity of redemption, but may make his return general; and a sale will pass all, and only, the interest which the defendant in execution had in the property levied on. *Manning* v. *Monaghan,* 28 N. Y. 587; *Goulet* v. *Asseler,* 22 N. Y. 225, 230; *Hull* v. *Carnley,* 17 N. Y. 202; s. c. 1 Kernan, 501.

*Baxter McFarland,* in reply, reviewed the authorities cited by opposing counsel at length, contending that each depended on exceptional facts or peculiar State statutes, and that they did not sustain the propositions contended for.

CAMPBELL, J., delivered the opinion of the court.

If the condition of the deed of trust had been broken when the claim of the trustee to the mule was interposed, the issue should have been determined in favor of the claimant; otherwise, not.   Before sale under a mortgage or deed of trust, the mortgagor or grantor is deemed the owner of the legal title of the property conveyed, except as against the mortgagee or trustee, after the breach of the condition of such mortgage or deed of trust.   Code, § 2295.

After breach of the condition, the mortgagee or trustee is entitled to the possession of the property, in order to make available his security.   If he is entitled to possession, no one can have the right to withhold it from him.   Except under the special circumstances, provided for by § 855 of the Code, a levy on personal property cannot be made without taking possession of it.   The right of the mortgagee or trustee, after breach of the condition of the mortgage or deed of trust, to the possession of the property, and of the sheriff to it by virtue of process, cannot coexist.   One must be superior to the other. Manifestly the claim under the execution issued upon a judgment junior to the rights of the trustee or mortgagee must yield to his superior rights, or it would occur that the paramount right must yield precedence to the subordinate.   The equity of redemption in real estate may be sold under execution against the mortgagor or grantor, at any time before foreclosure, as held in *Byrd* v. *Clarke,* 52 Miss. 623; for the possession is not affected by a levy of execution, but as the sheriff

must be able to take possession of personal property in order to a levy, it results that he cannot seize and hold it against the paramount right of the mortgagee or trustee to possession after breach of the condition of the mortgage or deed of trust. Before breach of condition the sheriff could hold possession, because the legal title is deemed to be in the mortgagor or grantor in the deed of trust; and after breach of condition, before a sale under the mortgage or deed of trust, he could hold possession as against all but the holder of the mortgage or deed of trust, because before a sale the mortgagor or grantor in a deed of trust is owner of the legal title except as against the mortgagee or trustee. In case of a trial of the right of property subject to a mortgage or deed of trust seized under execution, resulting against the claimant under the mortgage or deed of trust, the true value of the property in excess of the debt it secured, being all that could be subjected to execution, would furnish the measure of the rights of the plaintiff in the execution.

In this case the burden was on the plaintiffs in the execution to show the liability of the mule to the execution as against the claimant, and, having failed to show whether the condition of the deed of trust was broken or not before the claim was interposed, they failed to show the right of the sheriff to hold the mule as against the deed of trust.

*Judgment reversed and cause remanded.*