## T. E. HELM *v.* F. S. GRAY.

1. ATTACHMENT. *Claimant's issue. Trust deed. Payment.*
   A trust deed upon property attached may, on the trial of a claimant's issue, interposed by the trustee, be proved to have been satisfied pending suit; in which event the plaintiff should have judgment for the property, and the claimant for such costs as accrued before satisfaction. *Butler* v. *Lee*, 54 Miss. 476, distinguished.

2. SAME. *Bill of exceptions. Judgment.*
   A special bill of exceptions taken at the trial, in order to present only the question whether such payment could be proved under the issue, is sufficient, although it fails to disclose a judgment for the debt against the defendant in the attachment proceeding.

APPEAL from the Circuit Court of Hinds County.

Hon. S. S. CALHOON, Judge.

Attachment by the appellant against H. C. McPike, a non-resident, was levied, on Jan. 27, 1881, upon one hundred and

twenty-eight bales of cotton, one hundred and nine mules, five horses, and three thousand bushels of corn, which the appellee claimed, on Feb. 7, 1881, according to law, as trustee in a deed of trust executed by McPike, to secure the firm of Harrison & Lewis. On Feb. 17, 1881, the appellant tendered issue that the things seized are and were the property of McPike, and liable to be attached as such, and that the trust deed has been discharged, and does not constitute a subsisting lien; to which the claimant replied that the things were not, at the time they were seized under the attachment, the property of McPike, or liable to be attached as such, and by the plaintiff's similiter issue was joined.

The bill of exceptions recites that, on Aug. 3, 1881, the case came on for trial before the court, a jury being waived, when the plaintiff read the acceptance sued on, the attachment writ and return, the trust deed under which the claimant asserted title, which was for a debt and advances to be made for the crop of 1880, and proved the state of accounts between McPike and Harrison & Lewis up to the trial, and rested; that the claimant moved the court to exclude such evidence as showed payments to Harrison & Lewis after the levy of the attachment by sales of cotton and mules attached, this evidence having been received under objections reserved when offered; that the court sustained the objection and excluded the evidence, and the plaintiff excepted, and that thereupon the plaintiff conceded that under the ruling the claimant was entitled to judgment subject to his exception, and that judgment was accordingly rendered for the claimant.

*Nugent & McWillie*, for the appellant.

1. The common law rule, that the equity of redemption could not be attached, was changed by Code 1857, p. 308, art. 12; *Carpenter* v. *Bowen*, 42 Miss. 28. That interpretation has been adopted by the Legislature, and sanctioned by this court. Code 1871, § 2295; Code 1880, § 1204; *Buckley* v. *Daley*, 45 Miss. 338. The trustee has the right of possession only for the security of the debt; when the debt is paid the right expires. *Heard* v. *Baird*, 40 Miss. 793; *Griffin* v. *Lovell*, 42 Miss. 402; *Buck* v. *Payne*, 52 Miss. 271; *Jones* v. *Hicks*, 52 Miss. 682; *Butler* v. *Lee*, 54 Miss. 476. At the time of

trial the claimant must have the possessory right. *Mitchell* v. *Roberts*, 50 N. H. 486 ; *Richardson* v. *Reed*, 4 Gray, 441 ; *Knapp* v. *Smith*, 27 N. Y. 277 ; *Marshall* v. *Cunningham*, 13 Ill. 20 ; *Philbrick* v. *Goodwin*, 7 Blackf. 18. No difficulty grows out of the character of the court, but Code 1880, §§ 1732, 1733, provides for the contingency. Judgment for the property should have been rendered in favor of the plaintiff.

2. This is a special bill of exceptions, framed for the purpose of presenting a single point. It does not purport to set out all the evidence. It is not to an order overruling a motion for a new trial. This court is not asked to say whether the judgment is correct, but whether the question raised was properly decided. If not, a reversal follows because of the error. The court is restricted to the case as presented by the bill. *Lindsey* v. *Henderson*, 27 Miss. 502 ; *Bowers* v. *Ross*, 55 Miss. 213 ; *Jackson* v. *State*, 56 Miss. 311.

*W. L. Nugent*, on the same side, argued orally.

*T. J. & F. A. R. Wharton*, for the appellee.

1. The bill of exceptions does not show that a judgment against the defendant in attachment was offered in evidence on the claimant's issue. That is essential. Code 1880, § 1715 ; *Mandel* v. *McClure*, 14 S. & M. 11 ; *Robertson* v. *Cloud*, 47 Miss. 208 ; *Dixon* v. *Cook*, 47 Miss. 220. As the evidence was, therefore, insufficient to maintain the issue for the plaintiff, the court properly found for the defendant.

2. The issue was whether the property when seized belonged to the defendant and was liable to attachment. *Smokey* v. *Wack*, 57 Miss. 832. That case was decided with reference to Code 1871, § 858, which is the same as Code 1880, § 1774. If the trustee was entitled to possession of the property at the time of the seizure, he was entitled to prevail on the trial of the issue. *Thornhill* v. *Gilmer*, 4 S. & M. 153 ; *Butler* v. *Lee*, 54 Miss. 476. As long as any portion of the trust debt remained due, the defendant had no attachable interest in the property. *Carpenter* v. *Bowen*, 42 Miss. 28. After breach of the condition of the deed of trust, the property might, under Code 1880, § 1204, be seized for debts of the *cestuis que trust*, but not as the property of the grantor.

*F. A. R. Wharton* and *T. J. Wharton*, on the same side, made oral arguments.

*M. Dabney*, on the same side, argued orally and filed a brief.

1. As no judgment against the defendant was established at the trial of the claimant's issue, the court was compelled to decide against the plaintiff. *Dickman* v. *Williams*, 50 Miss. 500. He rested his case before the claimant moved to exclude the evidence, and allowed judgment to be rendered against him when the motion was sustained. Having the burden of proof, the plaintiff gave up his case before the claimant could advance either evidence or argument. Nothing in Code 1880, §§ 2460, 2461, obviates the necessity of proving the judgment, which was essential to the order of condemnation.

2. The property must be subject to attachment at the time of the levy. The question is whether the claimant's affidavit is true, not whether the facts will ever remain the same. The issue is whether the property was open to levy, not whether it will be liable after the return day of the writ. Is there a legal proceeding which will result differently if tried in February from what it will in August? Is the claimant to be cast although he maintains his claim? The bond required in Code 1880, § 1774, shows that there must be a judgment for one of the parties: a decree settling equities is inadmissible. The reasoning in the case of *Butler* v. *Lee*, 54 Miss. 476, is conclusive, however, and fully settles this question. No mere equity, but the legal title is in the trustee. *Elson* v. *Barrier*, 56 Miss. 394. When the issue was made, the facts sustained the claimant. His rights cannot be altered by proof of subsequent events, while the pleadings are unchanged.

CAMPBELL, J., delivered the opinion of the court.

The objection that the bill of exceptions does not show that the plaintiff, on the trial of the issue, introduced evidence of a judgment in his favor, and therefore was not entitled to succeed on any view of the ruling excepted to, is not well taken. The bill of exceptions was not taken to a judgment overruling a motion for a new trial, in which case, on appeal, the question here is, whether, on the whole evidence, the judgment is

right. It is a special bill of exceptions taken during the trial, and designed to present a single question, and, if it contains more of the evidence than was necessary to present that question, that does not preclude the consideration of the question it does present. The ruling excepted to is distinctly presented by this bill of exceptions, and it is manifest that such was its sole object, and we proceed to the consideration of that question. When the attachment was levied, the condition of the deed of trust was broken by default in payment of the debt it secured, but after the interposition of the claim of the trustee, and before the trial of the claimant's issue, the debt secured by the deed of trust had been fully paid, and there was in the hands of the trustee and claimant, at the time of the trial, a large sum of money arising from the sale of the trust property which was surrendered to him on his claim and bond given, after satisfying the deed of trust, besides about three thousand bushels of corn, which he had permitted to go into the possession of the defendant in attachment and to be consumed by him. The court excluded the evidence of this state of facts, and the correctness of that action is the question for decision.

Before a sale under a deed of trust the grantor is deemed the owner of the legal title of the property conveyed, except as against the trustee after breach of the condition of the deed of trust. After breach of the condition the trustee is owner of the legal title, according to the terms of the deed, and is entitled to it as the means of executing the trust conferred upon him. The claim of the trustee in such case is paramount to that of the creditor in an attachment which is subordinate to the deed of trust. The right of the grantor in a deed of trust is vendible under execution, before or after breach of the condition, and will pass by a sale under it. As against all but the trustee it may be seized and held after breach of condition, but the possession of the officer must yield to the superior claim of the trustee, when interposed. *Butler* v. *Lee*, 54 Miss. 476. It results that, at the time of the levy of the attachment in this case, the trustee was entitled to the possession of the property he claimed, and that his claim was rightfully interposed.

But, was it admissible to inquire into the rights of the parties, as existing at the time of the trial? If so, the plaintiff in the attachment was entitled to a judgment against the trustee and claimant for so much of the property he had obtained by his claim as remained in his hands after satisfying the deed of trust. When the debt secured by the deed of trust was satisfied, the right of the trustee to the property it conveyed expired, and he was *functus officio.* He was no longer entitled to the property it conveyed. The claim interposed by a third person to property seized under execution or attachment, as provided for by statute, is a substitute for the action of detinue or replevin, and is subject to the same rules, except that the statute imposes the burden of proof on the plaintiff, although the claimant is an actor in the assertion of his claim. It is settled in the actions mentioned that it is admissible to inquire into the state of the title at the trial. Wells on Replevin, § 496 and cases cited; also cases cited in *Whitfield* v. *Whitfield*, 44 Miss. 254. The rule is general in all actions that the plaintiff must have the right to recover at the commencement of his suit, and at the trial.

It might occur in an action for personal property that the plaintiff was, at the commencement of the action, entitled to the property, and that before the trial it had vested in the defendant, by the expiration of the plaintiff's title. In that case no one would contend that the court should award to the plaintiff the property which, in the next hour, the defendant might have seized as his under the process of the same court, to be followed by a judgment of that court that the property was his when the former trial was had. Hence the rule that where pending the suit the subject of it has ceased to be plaintiff's and become the defendant's, that may be shown, and the court will not commit the folly of giving a judgment for the plaintiff, to be reversed in favor of the defendant in a subsequent action for the same property. It will not award the property to one not then entitled to it. The same rule obtains in the trial of the right of property levied on, and claimed by a third person. The real inquiry in such case is, Is the property claimed liable to the process? If it was not at the time of the levy, but has become so at the trial,

it would be a denial of justice to permit the claimant to with-
hold it from the creditor because he once had the right to it.
The right of the attaching creditor should yield to the supe-
rior claim of the trustee in the deed of trust only so far as
was necessary to pay the debt it secured. The trustee was
entitled to possession of all of the property conveyed by the
deed, as all of it might be required to pay the debt, but when
that was paid his right ceased, and that of the creditor re-
mained as to all property in his hands after payment of the
debt. The right of the attaching creditor to the possession
was only suspended by the claim of the trustee. When his
right expired that of the creditor existed free from the incum-
brance which before obstructed its enforcement.

At the time of the levy the property claimed was liable to
seizure under the attachment, but subject to the deed of
trust. It is yet liable to the attachment, and now the incum-
brance of the deed of trust has ceased to exist as a hindrance
to the sale of the property remaining after its extinguishment.

At the time of the trial the trustee had no right to withhold
the property in his hands from the attaching creditor. He
once had the right, but it had expired by a change of circum-
stances, and he was claiming against the creditor that to
which he had no right, but which the creditor had the right
to subject to his judgment. It is claimed that *Butler* v. *Lee*,
54 Miss. 476, contains a different doctrine. That is a mis-
taken view of that case. The only question decided in it is,
that the possession of the officer, who has seized personal
property under process on a judgment which is subordinate to
a deed of trust, must, after the breach of the condition of the
deed, yield to the paramount claim of the trustee. We reaf-
firm that doctrine in this opinion, but a totally different ques-
tion is here presented and decided.

As the claim of the trustee was rightly interposed, he is
entitled to his costs accrued before the time when he ceased
to have the right to withhold the property from the plaintiff.

*Reversed and remanded.*