## J. M. TRICE *v.* W. B. WALKER, ADM'R.

1. CLAIMANT'S ISSUE.   *Question for trial.*

    On a claimant's issue for property seized under execution, the true inquiry is whether the property is liable to the execution, not whether the claimant's title or lien is paramount. Even if claimant has no title or lien, if plaintiff fails to show liability to his execution, he must fail. *Butler* v. *Lee*, 54 Miss., 476.

2. SAME.   *Trust-deed.   Condition broken.   Remedy.*

    Where personal property is seized under execution, a third person having a trust-deed thereon prior to the judgment, condition being broken, may successfully interpose a claim therefor.

3. SAME.   *Claim by lienor.   Code* 1892, *§* 4425.   *Code* 1880, *§* 1774.

    Even prior to the code of 1892, which, by § 4425, in terms extended the remedy by claimant's issue to those having a lien on property seized under execution, such remedy existed under § 1774, code 1880, and one having a paramount lien, with the right of possession for satisfaction, could avail of such remedy. *Wolfe* v. *Crawford*, 54 Miss., 514.

4. SAME. *Amendment. New affidavit. What material.*

    Accordingly, a plaintiff in execution cannot object that claimant was per-
mitted, on the trial, to substitute an affidavit claiming as lienor instead
of as owner of the property levied on, such amendment being unneces-
sary, and therefore immaterial.

5. SALE. *Delivery. Payment of debt. Entry of credit.*

    Where a debtor delivers personal property to his creditor at a price ver-
bally agreed on, in part payment of his debt, the fact that no money
was paid or credit given in any manner does not prevent the title from
passing.

    FROM the circuit court of Monroe county.

    HON. NEWNAN CAYCE, Judge.

    W. B. Walker, administrator of H. B. Gillespie, having
recovered a judgment against C. S. Bates, in November,
1890, and caused an execution to be levied on five mules and
certain agricultural products as the property of the defend-
ant, thereupon the appellant, J. M. Trice, interposed a
claim, and gave bond for the property. His affidavit alleges
that the property " is not the property of Bates, but is the
property of affiant." The issue thus tendered was accepted
by the plaintiff, who averred that the property was the prop-
erty of Bates and liable to the execution, and the issue thus
made proceeded to trial. The plaintiff proved that the prop-
erty, when levied upon, was in the possession of Bates, who
was claiming it as his own. Claimant, as a witness in his own
behalf, testified that he had authorized Bates to rent for him,
for the year 1890, a certain farm, known as the French place;
that Bates rented the place from French, and a misunder-
standing arose between them, and, to prevent the removal of
Bates from the place, Trice subrented the place from Bates,
and then rented to Bates a certain part of the land; that,
soon after this arrangement was made, Mrs. French, the
owner of the land, instituted an action of unlawful detainer
against Bates to recover possession of the land, which action
was defended for Bates by Trice, and resulted finally in a
judgment in favor of Bates; that Trice, during the year 1890,

furnished Bates and his hands supplies, amounting, together with the sum due for rent, to $1,600; that two of the mules levied on had been sold by Trice to Bates on a credit, and that he had failed to pay for them, and that Trice had consented to take them back at an agreed price, and that they were accordingly surrendered to him, and that, during the year 1890, these mules had been merely rented to Bates. The claimant also introduced a trust-deed in his favor, executed in 1886 by Bates, covering the two mules above mentioned.

There was testimony in behalf of the plaintiff to show declarations on the part of Trice that none of the property belonged to Bates; that it all belonged to him, Trice, and that Bates was merely hired for wages.

After the claimant had introduced all his testimony, he asked leave to amend his affidavit so as to show that he claimed a lien for rent and supplies on the agricultural products which had been levied upon. The objection by plaintiff to this was overruled, and the affidavit amended accordingly. Thereupon plaintiff had Trice, the claimant, recalled for further cross-examination, and he was questioned at length in reference to his conflicting affidavits, the former having claimed all the property as owner and the latter merely under a lien. He was also further questioned in reference to statements which he had made in reference to the character of the claim which he had asserted to the property, and testimony was then adduced by plaintiff to contradict him in reference to such statements.

The testimony having closed, plaintiff asked for a peremptory instruction in his favor as to all of the agricultural products, and as to the two mules embraced in the deed of trust. This instruction the court refused to give. Among others given for the plaintiff, were the following: "6. The court charges the jury that if Trice only had a claim on the two mules, Alice and Hattie, by reason of an unsatisfied deed of trust on them, and did not own the mules, then the jury

will find for the plaintiff as to said mules, Alice and Hattie, and assess their value at what the testimony shows them to be worth."

"7. The court charges the jury that although they believe from the testimony in the case that Bates turned the mules, Alice and Hattie, over to Trice, yet if Trice paid Bates nothing for them in any manner, nor gave him any credit for them, such transfer cannot avail against the creditors of Bates, and the jury will find for the plaintiff, and assess the value of the mules at what they are shown by the testimony to be worth."

Verdict and judgment for plaintiff, and claimant appeals.

*E. O. Sykes* and *Clifton & Eckford,* for appellant.

The first affidavit was only technically untrue.  Trice's paramount lien was sufficient ground to absorb the entire crop, and he was virtually the owner.  The affidavit and the statements by Trice, if made to the effect that he was the owner, should not have been allowed to prejudice his case.

Mere failure to enter credit for the agreed price of the mules returned by Bates to Trice amounts to nothing.

The verdict is manifestly contrary to the evidence. *O'Leary* v. *Burns*, 53 Miss., 171.

Even if the mules were still the property of Bates, there was an unsatisfied deed of trust on them for more than they were worth.  The plaintiff had the right to sell Bates' interest in them; but the measure of his recovery against the claimant would be the value of the mules in excess of the debt secured by the trust-deed.  The verdict should not have been for more than the value of the equity of redemption. *Butler* v. *Lee*, 54 Miss., 476; *Helm* v. *Gray*, 59 *Ib.*, 54.

The same rule, it would seem, would apply to the agricultural products on which Trice had a landlord's lien. *Herron* v. *Bondurant* 45 Miss., 683; *McCarroll* v. *Alexander*, 48 *Ib.*, 128.

The verdict rendered could not have been obtained but for the disingenuous attack made on the claimant's credibil-

ity. The wrong done is clearly discernible, and has met with proper condemnation by this court. See *Mitchell* v. *McDavitt*, 70 Miss., 608.

Section 4425, code 1892, enlarged § 1744, code 1880, so that now the equities of parties can be determined and adjusted on a claimant's issue.

The instructions increased the confusion into which the case had come. In one breath they announce that the issue was one of title, and in another that, as to the agricultural products, the question of lien was involved.

*W. B. Walker, E. H. Bristow* and *Calhoon & Green,* for appellee,

Filed separate briefs, discussing the same assignments of error, and, as to the matter decided, making the following points: The claimant should not have been allowed to file the amended affidavit. He does not claim to have been surprised by the proof. There was an unreasonable application of the statute as to amendments.

Section 1774, code 1880, under which Trice filed his claim, gave the remedy by claimant's issue to those having or claiming title. Section 4425, code 1892, merely enlarged the class of those who might interpose and require the plaintiff to show title in the defendant. Surely, it was not intended that, where defendant has undisputed title, one having merely a lien shall prevent his enforcing his judgment, especially where the statute now gives a complete remedy for the enforcement of the lien.

The later statute cannot apply in this case, where the affidavit was filed and issue made up in 1890. It strikes at the right instead of merely modifying the remedy. *Johnson* v. *Fletcher,* 54 Miss., 631. It seems plain that plaintiff was entitled to sell the property subject to Trice's lien, if he had any. He would be left to enforce his lien by the statutory remedy.

Although the plaintiff is under the burden of showing

that the property is liable to his execution, as a condition precedent to his being required to show this, the complainant was compelled to make affidavit that he was owner of the property. Plaintiff is not required to prove a negative —that claimant's claim is unfounded. Whenever plaintiff shows that the right of property is in the defendant, he has proven his case. A claimant who can make affidavit that he is owner, need not prove his claim. He can succeed by showing title in a third person. *Ross* v. *Garey*, 7 How., 47; *Thornhill* v. *Gilmer*, 4 Smed. & M., 153; *Selser* v. *Ferriday*, 13 *I b.*, 698; *Ott* v. *Smith*, 68 Miss., 773.

The question is, who can bring up the issue? The answer is, one who can make a certain affidavit, namely, that he is owner of the property.

The seventh instruction is correct. Certainly, if Trice paid nothing for the mules, and gave no credit for them in any manner, there was no consideration.

Argued orally by *W. H. Clifton*, for appellant, and *M. Green*, for appellee.

CAMPBELL, C. J., delivered the opinion of the court.

The sixth and seventh instructions for the plaintiff are erroneous, and should not have been given. The sixth is wrong, because, if Trice had an unsatisfied deed of trust on the mules (and such deed was produced in evidence, and condition was broken), they were not properly seized under the execution.

The seventh is wrong, as calculated to mislead by conveying the idea that if what Trice had testified as to Bates' having surrendered the mules to him at an agreed price, was true, still, if no money was paid for them and no credit given for them, the title of the mules did not pass to Trice. If the transaction was as Trice testified, the non-payment of money, or the failure to enter the proper credit for the price agreed on, did not prevent the title of the mules from vest-

ing in Trice. Failure to make any entry of credit was evidential only, and not conclusive. Whether the amendment allowed, and made by Trice in his affidavit during the trial, was properly permitted is immaterial. It was unnecessary, and seems to have been very hurtful to him who made it, for it enabled his adversary to discredit him before the jury, probably. The issue was not changed by the new affidavit. It was whether the articles seized were liable to the execution, not whether Trice had title or a paramount lien which entitled him to hold them, except as that bore on the question, were the articles leviable? If Trice had no title or lien, and the plaintiff failed to show the liability of the property to his execution, the issue would be found for the claimant.

In this case, as presented by the record, the property was liable to the execution unless title was in Trice, or he had a lien paramount to that of the judgment creditor, which prevented the seizure of the property. But an amended affidavit was not necessary to enable Trice to avail of a superior lien, if he had one on the agricultural products, coupled with the right of possession for the satisfaction of the lien. *Wolfe* v. *Crawford*, 54 Miss., 514.

We do not say that Trice had such a lien, for the evidence as to his relation to the land on which they were produced, raises an interesting series of questions not necessary to be discussed now, and left for future consideration. But we do say that, under *Butler* v. *Lee*, 54 Miss., 476; *Wolfe* v. *Crawford*, 54 *Ib.*, 514; and *Helm* v. *Gray*, 59 *Ib.*, 54, there was no necessity for the amendment made, and that the rights of the parties could be worked out without any amendment of the affidavit; and, for that reason, it is immaterial whether § 4425, code 1892, applies or not. That section introduces into § 1774, code 1880, the clause, "or to have a lien on," so as to expressly authorize one who does not own, but has a lien on, property to interpose a claim. As stated, this right existed before, and the provision was perhaps unnecessary. In view of the fact that no change was made in the law, as

to this, further than the insertion of the clause mentioned, it is suggested that the sole purpose was to declare the law as it was settled before.    It may have an effect beyond this which is not now apparent.    It certainly gives the right ·to a mere lienor to interpose a claim, regardless of possession, or the right of possession, and, if necessary, the courts must supply the omission to make any change in the statute to· correspond to that made, if any.

*Reversed, and remanded for a new trial.*