## REYNOLDS *v.* CARTER.

### [68 South. 467.]

1. ABATEMENT AND REVIVAL. *Necessity of formal revival. Execution. Claim by third persons. Determination.*

   By agreement, a suit may be continued in the name of the executor of one of the parties to a suit who dies pending the litigation, though no formal revivor is had.

2. EXECUTION. *Claim by third persons. Determination.*

   On a claimant's issue for property seized under execution, the true injury is whether the property is liable to execution, not whether the claimant's title is paramount. Even if claimant has no title, if plaintiff in execution fails to show liability to his execution, he must fail.

APPEAL from the circuit court of Monroe county.
Hon. CLAUDE CLAYTON, Judge.

Suit by F. D. Carter against H. E. Reynolds, executor. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*McFarland & McFarland,* for appellant.

By instruction number 4 for appellee, the court peremptorily charged the jury to find for appellee; this was error and the case should be reversed and the question of whether or not the property levied on was the property of H. J. Jennings, defendant in execution, should be left to the jury.

In *Irion* v. *Hume,* 50 Miss. 426, the court says: "The precise issue of which the execution or attachment holds the affirmative, is that the property is liable to the process, and not whether the claimant has established his title. Although the claimant may not have title, yet he will suceed by showing title in a stranger, for, thereby he has demonstrated that the property cannot be

rightfully subjected to the creditors' demand. *Ross* v. *Garey,* 7 How. 47; *Thornhill* v. *Gilmer,* 4 S. & M. 153."

"If claimant had no title or lien, and the plaintiff failed to show the liability of the property to his execution, the issue would be for the claimant." 71 Miss. 974. See 13 S. & M. 721; 14 S. & M. 11; 50 Miss. 505, 507, 508, 392 & 727; 11 So. 795; 37 Miss. 635; 54 Miss. 476.

*Leftwitch* and *Tubb,* for appellee.

This claim is set up under section 4990, Code of 1906; see, also, secs. 772-773. H. E. Reynolds here came into court and by his own testimony attempted to establish his claim of property in the buggy, harness and horse levied on, which had come to him by the death of his brother pending the suit and that also, without any notice of his claim whatever being filed in the record or without any revivor of his brother's claim. All of his evidence was palpably incompetent, and the court was correct in ordering the jury to disregard it. *Jackson* v. *Smith,* 60 Miss. 53; *Cockrell* v. *Mitchell,* 15 So. 41; *Baldridge* v. *Stribling,* 101 Miss. 666; *Walker* v. *Marseilles,* 70 Miss. 283. We hardly need we think go further than cite the foregoing authorities to show that not only the claim but all the evidence of H. E. Reynolds was to be disregarded by the jury. Code of 1906, sec. 1917. Here was a palpable effort on the part of H. E. Reynolds to assert and prove his own right to property claimed by his brother which had come to him, the said H. E. Reynolds, pending the suit, and in the face of the statute just cited, as plainly decided in the cases of *Jackson* v. *Smith,* and *Cockrell* v. *Mitchell, supra.* The property thus descended to Reynolds he cannot acquire by his own testimony in an action like this.

SMITH, C. J., delivered the opinion of the court.

Appellee having recovered a judgment at law against H. J. Jennings, execution was issued thereon and levi-

ed upon a horse, one top buggy, one open buggy, and one set of harness. Afterwards a claim to the open buggy was interposed by H. E. Reynolds, and to the horse, top buggy, and harness by B. E. Reynolds. The property, when levied on, was in the possession of one or both of the Reynolds, the evidence being somewhat confused on this point; it being clear, however, that it was not in the possession of Jennings, and seems not to have been for some time prior to the levy. The record recites that:

"This case was called for trial on Thursday morning, March 13th, and B. E. Reynolds, one of the claimants, being deceased, leaving the said H. E. Reynolds his executor and sole devisee, his claim was presented by the said H. E. Reynolds, and by agreement both claims were tried at the same time."

There was some evidence on the part of plaintiff in execution tending to show that at one time Jennings was in possession of the property, claiming it as his own. According to the evidence for the claimants, the property was never owned by Jennings; the open buggy being the property of H. E. Reynolds, and the horse, top buggy, and harness being the property of the Aberdeen & Tombigbee Valley Railroad Company. At the close of the evidence, the court instructed the jury to find for the plaintiff in execution for the horse, top buggy, and harness, and there was a verdict accordingly, upon which judgment was entered for the plaintiff in execution against claimant and the sureties on his bond for the value of the horse, top buggy, and harness as assessed by the jury and discharging the levy on the open buggy claimed by H. E. Reynolds. As we understand the argument of counsel for appellee, it is sought to uphold this instruction on three grounds: First, for the reason that the cause was not formally revived after the death of B. E. Reynolds by his executor; second, for the reason that H. E. Reynolds was

the witness by whom it was proven that this horse, buggy, and harness were not the property of H. J. Jennings, that in so testifying Reynolds was attempting to establish his own claim against the estate of the dead man, that this testimony, which was objected to at the time it was given, should have been excluded, and with it out of the record there remains no evidence from which it could be said that the property was not liable to an execution against Jennings; and, third, that, conceding the competency of this evidence, it demonstrated that neither B. E. Reynolds nor H. E. Reynolds, as his executor, had any interest whatever in the property. None of these objections are tenable.

It is true that the suit was not formally revived; but the agreement heretofore set out seems clearly to have been intended as a substitute therefor, and by it H. E. Reynolds, executor, was substituted as party claimant for B. E. Reynolds, deceased.

The testimony of H. E. Reynolds tended in no sense to establish any claim of his against the estate of B. E. Reynolds, deceased. It tended simply to prove that the property was not owned by H. J. Jennings, and therefore not liable to the execution in question, and had no bearing on any claim which the witness might afterwards assert personally thereto as against B. E. Reynolds' estate.

It is immaterial that the evidence for the claimant tends to prove, not that the property was owned by B. E. Reynolds, but that it was owned by the Aberdeen & Tombigbee Valley Railroad Company, for the reason that the plaintiff in execution is entitled to recover only in event of a finding by the jury that the property was owned by H. J. Jennings, and consequently liable to an execution issued upon a judgment against him. *Irion v. Hume*, 50 Miss. 426; *Butler v. Lee*, 54 Miss. 476; *Trice v. Walker*, 71 Miss. 968, 15 So. 787.

*Reversed and remanded.*