ELIZABETH BYRD et al. vs. THOMAS C. CLARKE.

1. MORTGAGE: *Purchase of mortgaged property. Case in judgment.*
   B. obtained a judgment against B. & E. Prior to this B. & E. had executed a mortgage, with power of sale, on a mill, etc., and land, to C. The conditions of the mortgage having been broken, C. sold the property and became the purchaser. No conveyance of the property was made. Thereupon B. had execution levied on the property, and C. enjoined the sale. The bill was demurred to and overruled. *Held*, that the bill was demurrable and should have been sustained, not upon any of the causes assigned in the demurrer, but because the equity of redemption of B. & E. could be sold at any time, under execution, before a valid sale under the mortgage, and that no valid sale of the mortgaged property had occurred, because C. could not purchase from himself.

2. APPEAL FROM DECREE OVERRULING A DEMURRER: *No appeal bond required. Sections 1251, 1257, etc.*
   Where an appeal is taken from a decree of the chancery court overruling a demurrer, the demurrant is entitled, as a matter of right, to his appeal from the decree, and is not required to give bond as the condition of such appeal. The provisions of §§ 1251, 1252, 1257, of the Code of 1871, do not embrace appeals from a decree overruling a demurrer.

APPEAL from the Chancery Court of *Jackson* County.

Hon. W. G. HENDERSON, Chancellor.

It is assigned for error:

1. That the court below erred in overruling the defendant's demurrer to the complainants' bill.

2. The court below erred in not dismissing the bill.

*Harris & George*, for appellants :

The scope of the bill is to arrest a sale which would, as alleged, cast a cloud upon complainants' title. The judgment binds the interest of Borden & Elder in the property, though it be only an equity of redemption. The sale of Clarke to himself is absolutely void. 7 S. & M., 609 ; 4 Metc., 325 ; 10 S. & M., 35 ; 13 ib., 338 ; 32 Miss., 268 ; 33 ib., 292. The mortgagee of real estate, selling, cannot become a purchaser at his own sale, except by consent of the mortgagor. 52 Ill., 130 ; 45 ib., 493.

The court will not allow a disputed title to be tried in such proceedings. M. & C. R. R. Co. *v.* Nabors (MSS. Op.).

*W. L. Nugent*, for appellee.

[The reporters find no brief on file for the appellee.]

There was a motion to dismiss the appeal, upon which motion, CAMPBELL J., delivered the following opinion on motion to dismiss :

This motion presents the question whether a bond is necessary as a condition precedent to an appeal from a decree overruling a demurrer, as provided for by § 1256, of Code of 1871, and this question we answer in the negative. The demurrant is entitled, as matter of right, to his appeal from a decree, and is not required to give bond as the condition of such appeal. Sections 1251, 1252, 1257, and others, speaking of bonds on appeal from decree, do not embrace the case of a decree overruling a demurrer. Gay et al. *v.* Edwards et al., 30 Miss., 218 ; Phillips *v.* Hines et ux., 33 ib., 163.

The motion to dismiss the appeal for want of a bond conditioned as prescribed by law for other states of case is denied.

CAMPBELL, J., delivered the opinion of the court.

Appellants, on the 7th of November, 1873, obtained a judgment in the circuit court of Jackson county, against Borden & Elder. Prior to this Borden & Elder had executed a mortgage on a large amount of real estate, including a steam saw

and grist mill, engines, boilers, and other fixtures to appellee, with power in him to sell the mortgaged property upon default in payment of the notes it was executed to secure. One of the mortgagors died after judgment rendered as aforesaid. The condition of the mortgage having been broken, appellee advertised the mortgaged property for sale, and sold it in accordance with the terms of the mortgage, and himself became the highest bidder and purchaser, but no conveyance of the property thus sold was made. This was on the 16th of January, 1875. On the 20th of January, 1875, an execution on the judgment mentioned was levied on the three engines and boilers and machinery in the mill of Borden & Elder, and also on a tract of land, which engines, boilers, machinery, and land were part of the mortgaged property aforesaid which had been sold and bid off by appellee. Thereupon appellee exhibited his bill to enjoin the sale of the property levied on under the said execution, on the ground that such sale would form a cloud on his title.

Appellants appeared and demurred to the bill, assigning thirteen special causes of demurrer, and it was overruled, and an appeal taken. Although we are not able to see that any one of the thirteen special causes of demurrer has any merit, we are of opinion that the bill was demurrable, and that the demurrer should have been sustained, not upon any of the special causes, but on the obvious and substantial ground that the equity of redemption of Borden & Elder in the mortgaged property is vendible under execution against them at any time before a valid sale under the mortgage, and that no valid sale of the mortgaged property has occurred, because appellee could not purchase from himself.

The decree overruling the demurrer is reversed, and the demurrer sustained and the bill dismissed, leaving appellee to again attempt to execute the power of sale contained in the mortgage, or to exhibit his bill for foreclosure and sale.