## JAMES TIERNEY *v.* PAT DUFFY.

1. BILL OF PARTICULARS.　*When unnecessary.*
   A declaration in *assumpsit* for board of the defendant and money received by him for the plaintiff's use, which accurately specifies the two items, with the charge for each, is sufficient without a bill of particulars.　*Nevitt* v. *Rabe,* 5 How. 653, cited.

2. SAME.　*Objection to absence.　When made.*
   Unless objection is made in the lower court to the absence of a bill of particulars, the defect cannot be availed of by the defendant on appeal in the Supreme Court.　*Bank of Louisiana* v. *Ballard,* 7 How. 371.

3. DEMURRER TO PLEA.　*Effect of repleading.　Waiver.*
   If pending a demurrer to his pleas the defendant files another on which trial is had, he cannot, after an adverse verdict and judgment, object in the Supreme Court on appeal that no disposition was made of the demurrer.　*Tittle* v. *Bonner,* 53 Miss. 578, cited.

4. NEW TRIAL.　*Death and removal of attorneys.　Judicial discretion.*
   It is within the discretion of the court to grant a new trial if the defendant's attorneys die or remove immediately before the trial without notifying him, so that he is absent, but the overruling of such a motion will not be reversed if the court investigates the matter and orders a remittitur.

APPEAL from the Circuit Court of Washington County.
Hon. B. F. TRIMBLE, Judge.

The appellee filed against the appellant a declaration in *assumpsit*, containing two counts, one for two hundred and five dollars for board furnished him, and the other for one

hundred and forty dollars received by him for the plaintiff's use. Pending a demurrer to the appellant's pleas that he was not indebted and that he had paid all indebtedness, he pleaded *non assumpsit*, upon which there was a verdict and judgment for the appellee for two hundred and forty-five dollars. The appellant moved for a new trial, on the ground stated in his affidavit that one of his attorneys died just before the trial and the other removed from the State, so that he had no information of the trial and did not attend. The court reciting that it was fully advised, overruled the motion, but ordered that forty dollars of the recovery be remitted, which, with the appellee's consent, was done.

*Nugent & McWillie*, for the appellant.

As no itemized account was filed with the declaration, the appellee could not legally prove his claim. Code 1871, § 580. Demurrers to pleas remaining undisposed of, the judgment is erroneous. *Marlow* v. *Hamer*, 6 How. 189; *Mayfield* v. *Barnard*, 43 Miss. 270. The pleas could not be treated as nullities after demurring to them. *Walker* v. *Walker*, 6 How. 500; *Harper* v. *Bondurant*, 7 S. & M. 397; *Rodgers* v. *Hunter*, 8 S. & M. 640. A new trial should have been granted. No want of diligence is shown in the appellant. Two lawyers were employed, one died and the other decamped, and the appellant never heard of the trial. This is an exception to the general rule that a person must bear the consequences of his attorney's neglect. *Allen* v. *Perry*, 6 Bush, 85; *Landrum* v. *Farmer*, 7 Bush, 46. The case could have been tried again at the same term. *Garnett* v. *Kirkman*, 41 Miss. 94; *Sturgeon* v. *Hitchens*, 22 Ind. 107.

*Frank Johnston*, for the appellee.

By confessing the demurrer, which the defendant did when he filed the new plea, the issue of law was disposed of and one of fact presented. The proceeding was therefore regular. *Tittle* v. *Bonner*, 53 Miss. 578. But if irregular the defects were cured by the appellant's waiver and the Statute of Jeofails. Code 1880, § 1727; *Wallace* v. *Okolona Savings Institute*, 49 Miss. 616; *Grubbs* v. *Collins*, 54 Miss. 485. The objection to the want of a bill of particulars cannot be made for the first time on appeal. *Bank of Louisiana* v. *Ballard*, 7 How. 371.

This defect, which applies to the admission of evidence alone, must necessarily be objected to in the lower court, and when pointed out is amendable. *Neeley* v. *Planters' Bank,* 4 S. & M. 113; *Bloom* v. *McGrath,* 53 Miss. 249. The motion for a new trial was addressed to the discretion of the court, which must have carefully tried the case in order to have corrected the amount of the verdict. Evidently the circuit judge was thoroughly conversant with the facts, and it must be assumed that he decided correctly. The application discloses neither a meritorious defence nor the diligence necessary to the claiming of a new trial as a matter of right. *Smith* v. *Natchez Steamboat Co.,* 1 How. 479; *Green* v. *Robinson,* 3 How. 105; *Rupert* v. *Grant,* 6 S. & M. 433; *Thompson* v. *Williams,* 7 S. & M. 270. It is easily conceivable that to a judge fully conversant with the circumstances of the trial, this motion appeared frivolous. At best, the showing is upon its face very weak.

CHALMERS, C. J., delivered the opinion of the court.

No bill of particulars was annexed to the declaration, but the declaration itself specified accurately the two items of account sued for, with the charge for each. This was sufficient and dispensed with the annexation of the bill of particulars. *Nevitt* v. *Rabe,* 5 How. 653. Moreover, no objection to the absence of a bill of particulars was made in the lower court, and hence cannot be made in this court. *Bank of Louisiana* v. *Ballard,* 7 How. 371.

The defendant's pleas were demurred to; and, without any disposition having been made of the demurrer, he filed a good plea, upon which the trial took place, and verdict and judgment were given against him. He cannot now object that there had been no disposition of the plaintiff's demurrer. He had confessed it by filing the new plea, and the trial was had upon that. It is not for him to say that this was erroneous. *Tittle* v. *Bonner,* 53 Miss. 578.

There would have been no abuse of discretion if the court below had granted a new trial upon the showing made by the affidavit filed upon the application for it; but the court seems to have attentively considered it, and, in consequence probably

of the facts disclosed in the investigation, required the plaintiff to remit a portion of the verdict recovered. We cannot say that there was error in overruling the motion for a new trial.                                                          *Affirmed.*