### CHARLES F. MEANS *vs.* CHARLES D. ANDERSON.

M. having contracted with A. for a loan of $25 for one month with interest at the rate of ten per cent., A. procured M.'s signatures to a note for that sum payable in one month after date with interest at the rate of ten per cent. a month in advance till the principal is paid and interest on all installments of interest in arrear at the same rate till paid, and also to a mortgage of M.'s undivided interest in real estate securing the note under the following circumstances : A. presented the note and mortgage to M. for signature at dusk when it was too dark to read them, saying that he was in a hurry and that it was unnecessary to read them as the signing was a mere matter of form. M., who had but little business experience, signed them without being aware of the terms of the note. The mortgage though recorded did not disclose the rate of interest or how it was to be paid. M. did not become aware of the terms of the note until after he filed his bill in this case.

M. did not pay the note at maturity but paid two or three installments of interest at the rate of ten per cent. He was notified that the mortgage would be foreclosed by sale if the loan was not paid, but took no action until after A. had advertised the property for sale when he filed a bill to redeem the mortgage.

*Held*, that the note fell within the class of deceptive and unconscionable contracts which a court of equity would not enforce or uphold.

*Held*, further, that the payments of the interest by M. subsequently to the maturity of the note operated as a renewal of the loan for the periods for which such payments were made.

*Held*, further, that M. should be permitted to redeem on payment of the principal sum with interest at the rate of six per cent. per annum from the date to which it had been paid together with the cost of advertising the property for sale.

BILL IN EQUITY to redeem a mortgage on an undivided interest in real estate.

*May* 29, 1895.   PER CURIAM.   The note in this case calls for the payment of $25 with interest at the rate of ten per

cent. a month in advance till the principal is paid and interest on all installments of interest in arrear at the same rate till paid. If the contract had been that embodied in the note, we think that it would fall within the class of deceptive and unconscionable contracts which a court of equity will not enforce or uphold. *Brown* v. *Hall*, 14 R. I. 249 ; 27 Amer. & Eng. Encyc. of Law, 421, 1036, and notes. The complainant, however, testifies that the contract was merely for the loan of $25 for one month with interest at the rate of ten per cent. This is not denied by the respondent. The evidence does not show, though the complainant signed the note and mortgage, that he ever assented to the terms of the note or was made aware of them prior to the hearing on the petition for a preliminary injunction. The note and mortgage were presented to the complainant for signature by the respondent just at dusk. They were not read by the complainant, or to him, because it was too dark to read them and the respondent said to the complainant, who had had but little business experience, that he was in a hurry and that it was unnecessary to read them as the signing was a mere matter of form. The mortgage which was recorded did not disclose the rate of interest or how it was to be paid.

We are not prepared to hold that a contract for a loan so small as $25 for one month, even at so high a rate of interest as ten per cent., is so unconscionable that it ought not to be allowed to stand. The complainant having paid two or three installments of interest at the rate of ten per cent. reserved in the contract subsequently to the maturity of the loan must be regarded as having renewed the loan for the periods for which such payments were made, and the transactions between the parties to this extent must be allowed to stand.

We do not find that any tender was made to the respondent by the complainant on account of the mortgage debt.

The complainant, though notified several months before the property was advertised for sale under the power in the mortgage that the mortgage would be foreclosed by a sale of the property, if the loan was not paid, took no action, but waited before filing his bill to redeem till after the property had been

advertised for sale.   In these circumstances, we think that he should be required to pay the cost of advertising.

A decree may be entered permitting the complainant to redeem on payment of $25 and interest at six per cent. per annum from the date to which it has been paid, to wit, June 25, 1894, together with the cost of advertising.

*Edward D. V. O'Connor & James M. Gilrain,* for complainant.

*Simon S. Lapham,* for respondent.

