NATIONAL MUTUAL BUILDING & LOAN ASSOCIATION ET AL.

*v.* SAMUEL M. HOUSTON.

1. MORTGAGES. *Sale under power. 'Purchase by mortgagee. Redemption.. Mortgagee in possession. Rents. Accounting. Absence of fraud.*

Where a sale under a power in a mortgage is set aside because the mortgagee became the purchaser, he should not, although he entered into possession of the land claiming to be the owner, be charged upon an accounting under a bill to redeem, with the full rental value of the property, in the absence of actual fraud, but only with the rents actually received by him, or which he ought, by the exercise of reasonable diligence, to have received.

2. SAME. *Expenses of vacated sale.*

Although a mortgagee purchased under a power of sale and the sale be vacated because thereof, he should be credited, upon an accounting under a bill to redeem, in the absence of actual fraud, with the expenses of the sale where the mortgagee, without objection, allowed him before suit to go into possession under the sale and to sell part of the property.

FROM the chancery court of Lauderdale county.

HON. STONE DEAVOURS, Chancellor.

Houston, appellee, was complainant in the court below, the National, etc., Association *et al.*, appellants, were defendants there. This case was before the supreme court on a former appeal, when the judgment of the lower court dismissing complainant's bill was reversed, and the cause remanded for an accounting. *Houston* v. *National, etc., Association*, 80 Miss., 31 (s. c., 31 South., 540). It will be seen from the previous report of the case that appellant Building & Loan Association, held a mortgage, with power of sale, on the property in controversy, and, after default in the payment of the debt secured, foreclosed the mortgage, and became the purchaser, indirectly, at the sale. Appellee, Houston, purchased the prop-

erty from the mortgagor, and afterwards filed the bill in this case to set aside the sale foreclosing the mortgage, under which appellants claim for an accounting.    In the lower court, on motion of complainant [appellee], the commissioner was directed to charge the fair and reasonable rental value of the property to defendant Building & Loan Association.    The commissioner did not credit said defendant with the expenses of the foreclosure sale.    Defendant Building & Loan Association, excepted to the commissioner's report because of these facts.    The exceptions were overruled, the commissioner's report approved, and a final decree rendered accordingly.    Defendants appealed to the supreme court.

*A. S. Bozeman,* for appellants.

The court below erred in directing the commissioner to charge the appellant mortgagee with the rental value of the mortgaged premises instead of the rents actually received by the mortgagee, or which it could have received by the exercise of diligence.

The general rule of law is that the mortgagee in possession is chargeable only with the rents and profits actually received by him while in possession, and for rents and profits which he might have received by exercising the diligence of a prudent owner.    20 Ency. Law (2d ed.), p. 1011.

But where the mortgagee is guilty of fraud, gross negligence or willful default, he is chargeable with the rental value of the premises.    20 Ency. Law (2d ed.), 1011.

In the case at bar the mortgagee was neither guilty of fraud nor gross negligence, nor willful default.

The court below erred in not allowing the mortgagee the expenses of the foreclosure sale.    This expense was caused by the default of the mortgagor.    Under these circumstances the mortgagor should not be allowed to redeem without paying this expense.    *Whitcomb* v. *Harris,* 90 Me., 206; *Means* v. *Anderson,* 19 R. I., 118.

*S. A. Witherspoon,* for appellee.

This court has held that the interest of the mortgagee under a mortgage with power of sale is simply a chattel interest, a lien on the property, not a title to the land; with the exception, however, that after default, the trustee, in a trust deed, or a mortgagee in a mortgage with power of sale, has such title that he can maintain an action for the possession thereof, in order to deliver to the purchaser at the foreclosure sale the possession of the property sold. *Buckley* v. *Daley,* 45 Miss., 338.

It is also held that where the security does not contain a provision expressly charging the rents and profits of the mortgaged premises, that the mortgagee has no right to same previous to a valid foreclosure. *Bank of Ogdensburg* v. *Arnold,* 5 Paige, 38 (N. Y.); *Easley* v. *Tarkington,* 5 Baxter, 592 (Tenn.); *Central Trust Co.* v. *Wabash, etc.,* 30 Fed. Rep., 332; 1 Jones, Mortgs., sec. 772; 26 Am. & Eng. Ency. Law, 880.

Appellant was not a morgagee rightfully in possession collecting rents. He was a disseisor pure and simple, and chargeable as such, hence should be charged the reasonable rental value. *Mahoney* v. *Bostwick,* 31 Am. St. Rep., 175.

There has never been a valid foreclosure. The mortgagee simply had the right to enter and sell. It chose to enter and not to sell; it chose to abuse the power conferred by the mortgage. Instead of foreclosing the mortgage after entry, it failed to do so, and proceeded to do an unlawful thing, that is, to collect the rents before foreclosure without the consent of the mortgagor. Hence it was a disseisor from the beginning, relating back to the original entry. In addition to collecting the rents without authority of law, it further abused its power by perpetrating a fraud on the mortgagor in the pretended foreclosure sale.

Where bad faith is practiced by the mortgagor, he becomes a disseisor, and should be charged the rental value, the charge is not limited to the rents actually collected. *Long* v. *Richards,* 170 Mass., 120.

While the mortgagee was in possession of the property, it unlawfully sold a part thereof upon which was situated one of the houses, thereby putting it out of its power to collect any rent at all from that part of the mortgaged premises.    It was its duty to collect as much rent as it could on the entire property.

When it had thus sold a considerable portion of the property before a valid foreclosure it cannot ask the court to charge it simply with the rent actually collected.    20 Am. & Eng. Ency. Law (2d ed.), 1011; 2 Jones, Mortgs., sec. 1123; *Turner* v. *Johnson*, 6 Am. St. Rep., 62.

Just how the mortgagee can ask the court to charge the mortgagor with the expenses incurred in conducting the illegal, fraudulent and collusive foreclosure sale, we are at a loss to understand.

WHITFIELD, C. J., delivered the opinion of the court.

The chancellor erred in charging the appellant with the rental value of the property.    The defendant should have been charged only with what it actually received, or ought by the exercise of reasonable diligence to have received.    The rule is thus stated in 2 Jones, Mortgs., sec. 1123: "As a general rule, the mortgagee in possession is held to the exercise of such care and diligence as a provident owner in charge of the property would exercise; but he will not be held accountable for anything more than the actual rents and profits received, unless there has been willful default or gross negligence on his part. It is the fault of the mortgagor that he lets the land fall into the hands of the mortgagee, and the mortgagor should be required to prove actual fraud or negligence on the part of the mortgagee, before he can be charged for more than his actual receipts of rents and profits.    He will not be held to account according to the value of the property, but for what he should, with reasonable care and attention, have received."    It is not a correct view, on the facts of this case, to hold the appellant as

owner.   It is true, it believed itself to be owner, after the sale and purchase, and possession taken, but it was not, in law, owner, and it must be dealt with in the real character the law attached to it—that of mortgagee in possession.   Mr. Jones correctly says, speaking of one who believes himself to be owner: "When one goes into possession under a deed absolute in form, and the circumstances are such that he may believe himself to be in fact the owner of the estate, subject only to an agreement to sell, such a grantee is not, technically, a mortgagee in possession.   The character of mortgagee is cast upon him by the application of equitable rules to an oral agreement in contradiction of the deed, and when, perhaps, the transaction might be construed as a conditional sale.   In such case the mortgagee is chargeable only with what he has received, and not with what he might have received." 2 Jones, Mortgs., p. 76.   There was no fraud in this case.   The sale was set aside exclusively upon the ground that it was made in violation of a rule fixed by public policy, not because of any actual fraud.

We think that the chancellor erred in one other respect; that is to say, in not crediting the appellant with $43, expenses of the foreclosure sale.   The principle announced in *Whitcomb* v. *Harris*, 90 Me., 206 (38 Atl. 138); and *Means* v. *Anderson*, 19 R. I., 118 (32 Atl., 82), the last of which is a case of gross, actual fraud, proceeded upon the idea that wherever anything is due under the mortgage, and the debtor fails to pay what is legally due, and allows a foreclosure sale to be had and possession taken without objection, he ought, when coming to redeem, to be required, as one of the conditions, to pay the necessary expenses of the foreclosure sale—a proceeding which he has allowed to take place without objection.   We think this principle finds peculiarly just application in the facts of this case.   Here, as the accounting shows, is something legally due; yet the mortgagors did not pay anything, allowed the foreclosure sale to take place, allowed the appellant to go

into possession, actually allowed the appellant to sell off part of the property, and to bargain away still another part, without objection interposed at any stage of the proceedings, and then, after the lapse of a number of years, filed this bill to redeem.    Surely it is but equity that the appellee shall pay the $43 incurred in the foreclosure .sale.

*Reversed and remanded.*