SMITH *et al. v.* BEARD *et al.*

[90 South. 592. No. 22358.]

MORTGAGES. *Beneficiary of trust deed is not prevented from purchasing on foreclosure because her husband is a trustee.*

Where the terms of a deed of trust provide that in case of default in the payment of the indebtedness, it shall be the duty of the trustee to advertise and sell the property at public sale to the highest bidder for cash, and default having been made, and the property having been so advertised and sold at the request of the beneficiary, there is no discretionary power invested in the trustee; and when the beneficiary in a deed of trust is the wife of the trustee, by virtue of this relationship she is not disqualified from bidding at the sale; and when she makes the highest bid, and the land is sold to her, it is a valid and binding sale, in the absence of any actual fraud.

APPEAL from chancery court of Lowndes county.

HFN. T. P. GUYTON, Chancellor.

Bill by Mrs. Ida Dashiell Smith and others against Mrs. M. A. Beard and others. Judgment dismissing the bill, and plaintiffs appeal. Affirmed.

*W. E. Johnson,* for appellant.

That W. C. Beard, trustee, was disqualified from purchasing the property here involved at the foreclosure sale,

(1)

as a matter of law, is well settled. *Houston* v. *National Bldg. & Loan Ass'n, et al.,* 80 Miss. 31, 31 So. 540. This being true, if we can substantiate the statement, wife cannot acquire title where husband is disqualified, then the conclusion is inescapable that Mrs. Beard's title acquired under and by virtue of the foreclosure sale is voidable.

What relationship existed as a matter of law between W. C. Beard, Trustee, and Mrs. Sallie S. Dashiell, and between him and Mrs. M. A. Beard, his wife, by virtue of his being trustee in the trust deed which was foreclosed? The supreme court of Missouri defines that relationship very clearly. It says: A trustee in a deed of trust is not the mere agent or attorney for the holder of the note, but is the trusted agent of both debtor and creditor. In the sale of the property under the deed he should use all reasonable efforts and methods to make it bring as much as possible, and should be fair and impartial as between the debtor and creditor. *Axman* v. *Smith,* 156 Mo. 106; 8 W. & P., First Series, 7330.

Having the trustee now defined as an agent of Mrs. Sallie S. Dashiell, the question presents itself: Can a trustee sell to his wife? We believe the question should be answered in the negative. 13 R. C. L., page 1343; 26 R. C. L., sec. 192; *Anderson* v. *Butler,* 31 S. Car. 183; *Bassett* v. *Shoemaker,* 46 N. J. Eq. 538, reported in 18 Am. St. Reports, 435; *American Mortgage Co.* v. *Margaret Clowney, et al.,* 70 S. Car. 3, Ann. Cas. 437; *Basset* v. *Shoemaker,* 19 Am. St. Repts, 435; *Brickenridge* v. *Holland,* 20 Am. Dec. 123; *Winter* v. *McMillam,* 22 Am. St. Repts. 243; *Reed* v. *Aubry,* 44 A. S. R. 49, and note; *Tyler* v. *Sanborn,* 15 A. S. R. 97, 21 N. E. 193; *Whitfield* v. *Barlow,* 101 Miss. 734, 58 So. 8; *Wade* v. *Barlow et al.,* 99 Miss. 33, 54 So. 662; *Robinson* v. *Lewis,* 68 Miss. 71, 8 So. 259; *Houston* v. *Ntl. Mut. Bldg. & Loan Ass'n,* 80 Miss. 31, 31 So. 540.

Fourth Assignment of Error: The chancery court of Lowndes county, Mississippi, erred in dismissing appellant's bill, because, of the business relationship existing between W. C. Beard and his wife, Mrs. M. A. Beard at the

time he was made trustee in said deed of trust without fully informing H. J. Dashiell and Mrs. Sallie S. Dashiell of these facts before he was made trustee, and because under the facts as disclosed upon the trial of this cause, W. C. Beard was disqualified to act as trustee.  *Axman* v. *Smith,* 156 Mo. 106; 8 Words & Phrases, First Series, 7130; 21 R. C. L., page 807, sec. 42, 2 C. J., page 430, section 23.

We submit that we are entitled to a reversal of this cause.

*William Baldwin,* for appellee.

It is true that in the case at bar W. C. Beard, trustee, made a sale of the property and executed a deed to his wife, Mrs. M. A. Beard, but he did so because the terms of the trust deed under which he was acting, the terms of the trust created by the makers of the trust required absolutely that he make this conveyance to his wife. It cannot be said that an act required by the express terms of a trust deed under which this trustee was acting could be in violation of the trust. The principle of law invoked by appellants is for the protection of the *cestui que trust,* but to hold that the trustee, under the terms of this trust deed, could not sell to his wife and make her a deed to the property would absolutely destroy the rights of.the *cestui que trust,* Mrs. M. A. Beard.

The difference is, the principle invoked by appellants is a shield set up by the law to protect the *cestui que trust,* but the application of the principle sought by appellant must result in the cruel sacrifice of the *cestui que trust,* just what the law means to protect, created the terms of the trust.

Had the trustee at the sale, when the property was offered for sale, refused to recognize Mrs. M. A. Beard as a lawful bidder for the property, he would have done exactly three things; first, he would have violated the express instructions of appellants given him in the trust deed; second, he would have sacrificed the rights of appel-

lants; and third, he would have sacrificed the rights of Mrs. M. A. Beard, because but for her bidding for her own protection, the property would not have brought its value and all parties been the loser.

Had W. C. Beard, the trustee, refused to recognize Mrs. M. A. Beard as a lawful bidder, who would buy the property and receive a deèd from him, appellants would at once have come into the courts and very properly demanded a new sale of the property, as the sale would be in open violation of the express terms of the deed of trust and a sacrifice of the rights of all parties to the sale.

And the courts recognizing that a new type of idiot had presumed to act as trustee, would have most certainly set aside the sale. The trouble is that appellants are seeking to apply a just and wholesome principle of equity to a proposition to which it is in no way related. *Whitfield* v. *Miles,* 101 Miss. 734, 58 So. 8; *Robinson* v. *Lewis,* 68 Miss. 69, 8 So. 258.

Counsel for appellants seem to rely upon this case as the rock of his salvation. See his quotations therefrom on pages 8 and 9, of his brief. He calls the case *Whitfield* v. *Barlow,* but his quotations are from *Whitfield* v. *Miles, supra.* If there is anything in the principle announced in this case that applies to the case at bar, it is too subtle for the undersigned to grasp.

The next case from Mississippi cited by counsel for appellant is *Wade* v. *Barlow,* 99 Miss. 33. The holding of this court in that case appears from the syllabus on page 38 which reads: "It is a well-established general rule that, where the purchaser has been put in possession, he cannot afterwards acquire a title and set it up in opposition to the vendor. If he extinguish an incumbrance, or buy in an outstanding title, all he can ask or require is the payment of the money he has so laid out. This rule is equally operative whether the purchaser of the incumbrance is by the vendee or his wife, etc." Surely there is nothing in this holding that applies to the case at bar.

The next case cited in sustaining his point is *Robinson* v. *Lewis,* 68 Miss. 71, 8 So. 259. The opinion of this court reads: "The decree of the court below must be reversed because of the incapacity of the complainant to purchase at a sale for taxes, the interest of the co-tenant of his wife. One co-tenant may not thus defeat the title of another to the common estate, citing authorities. The spouse of the co-tenant behind the skirts of his wife.

The trouble with counsel for appellant's theory is that he is trying to apply well-known equitable principles to a case when they do not apply. No court of justice on earth will permit a party, trustee, tenant in common, or in the ordinary run of business enterprise, to get behind the skirts of his wife and wrong another. And if the circumstances surrounding the transaction are such that the husband will not be permitted to wrong his fellow man, then he cannot put on the skirts of his wife and do the job. That is what these cases hold and all they hold.

Counsel for appellants on page 5 of his brief cites that most excellent modern digest, Ruling Case Law, and gives the following extract therefrom: "Where a husband sells as trustee, the wife is excluded from purchasing at the sale directly from him. . . . The exclusion of the wife is not so much for the reason that the husband may subsequently become entitled to some interest in her lands as on account of the unity which exists between them in the marriage relation. The case falls clearly within the spirit of the principle which excludes the husband himself." (26 R. C. L., sec. 192.) This is every bit true in the instances cited by the author. And when we turn to the cases cited and see what is the principle sought to be announced by the writer in that excellent work, we will heartily agree with him in the fairness of the principle, so applied.

This court will observe that there is nothing in these two cases that bears upon the case at bar. In these two cases, we have a trustee clothed with an active trust, calling for the use of his own discretion as to time, terms, place of sale, and his plenary discretion in the conduct of the

sale, if he should in his discretion, conclude to sell at all. These sorts of trustees, exercising this sort of discretion and absolute control over the sale, the time of the sale, the terms of the sale, the mode of sale, and the general fact as to whether there was to be any sale at all, these trustees make sale of the trust property committed to their discretion and get off sales, and their wives are put forward as bidders. These wives are purely volunteers at the sale; they have no sort of interest in the sale, except to get the property as cheap as possible because such is their interest as purchasers. The sales are made by these trustees and property sold to the wives of the sellers and in one case, the South Carolina case, the wife testified that she paid nothing for her deed to the land, never heard of the sale, and did not know she had a deed to the land.

Will any court let such sales stand? It is submitted that no court will ever permit such sales to stand against the *cestui que trust.*

Is the case at bar in any way of like kind? In the case at bar, the appellants borrowed the money of the wife, they knew they were borrowing the money of the wife, Mrs. Beard, and they selected the husband, W. C. Beard, as the trustee to protect the interests of the *cestui que trust,* Mrs. Beard.

The appellants (complainants) gave this husband, trustee, instructions as to how to conduct this trust, they told him in the deed of trust that it was for the benefit of Mrs. Beard, and they told this trustee if he made a sale, to sell to the highest bidder at the sale, this for their own benefit as well as the *cestui que trust,* Mrs. Beard. And when this trustee, chosen by complainants and instructed by them how to conduct the sale, does as they have instructed him and sells to the higher bidder we now have the singular proposition raised, that the sale be set aside because the trustee complied with the instructions they had given him in the trust deed.

Appellees submit no authorities sustaining their contention, because no one has had the hardihood, so far as

a diligent search can find, to raise such a question as these complainants now place before this court.

SYKES, P. J., delivered the opinion of the court.

The appellants, complainants below, seek by their bill to redeem certain lands sold to the appellee, Mrs. Beard, by the trustee, her husband, at a sale of the lands duly advertised and sold in accordance with the terms of the deed of trust. The grantors in this deed of trust were Mr. and Mrs. Dashiell. The trustee was Mr. Beard, the husband of the beneficiary, Mrs. M. A. Beard. Default having been made in the payment of the indebtedness, at the request of the beneficiary the trustee duly advertised the lands for sale and the beneficiary, Mrs. Beard, being the highest bidder, purchased them for six thousand, five hundred dollars. From the testimony in the case the chancellor was amply justified in believing that the lands brought a fair price. There is also no question but what the grantors at the time the loan was negotiated knew and understood they were to borrow this money from Mrs. Beard, and as a matter of fact it was Mrs. Beard's money they borrowed. While there are numerous assignments of error, there is only one which calls for a written opinion.

It is the contention of the appellants that, since the trustee, Mr. Beard, could not have purchased this land at his sale, for that reason his wife could not purchase and the sale is voidable. They rely, among others, on the case of *Houston* v. *Building & Loan Association,* 80 Miss. 31, 31 So. 540, 92 Am. St. Rep. 565, and 81 Miss. 386, 32 So. 911, which case holds that a mortgagee cannot, at his own foreclosure sale, under a power contained in the mortgage, purchase the mortgaged property, either directly or indirectly, unless the mortgage confers such right or the mortgagor consents to the purchase, and the sale may be avoided by the mortgagor or his assigns without proof of fraud or unfairness therein. And they also rely on certain authorities, among others 13 R. C. L., section 395, p. 1353, announcing the proposition that:

"The principle which renders an agent incompetent to purchase from himself renders him alike incompetent to sell to his wife."

These authorities are inapplicable in this case. The parties to the deed of trust were all *sui juris*. They solemnly agreed to the arrangement whereby the grantors borrowed this money from Mrs. Beard, made her husband the trustee in the deed of trust, and by its terms expressly authorized him to sell this property, under certain conditions, to the highest bidder for cash. Of course, the beneficiary in a deed of trust of this kind has a right to bid at this sale. In fact, it is a very valuable right, whereby he may protect himself by buying in the property and preventing it from being sacrificed for at least less than the value of his indebtedness if he so desires. Though in this instance the beneficiary is the wife of the trustee, she is still the beneficiary in the deed of trust, and is vitally intally interested in protecting her interest at the sale. By this form of a deed of trust no discretionary powers are vested in the trustee. It becomes his duty to advertise and sell the property when so requested in accordance with the terms of the deed of trust and to sell to the highest bidder for cash. In such a deed of trust, certainly where the wife is the beneficiary, the reasons why the wife of a trustee cannot buy in the property at his sale do not apply.

It is further contended that by agreement of the parties the trustee's deed to Mrs. Beard was really a mortgage. The testimony on this proposition, briefly stated, is to the effect that after the sale, and before the trustee's deed was executed, Mr. Beard told the grantors that what his wife really wanted was her money, and that if they would pay this amount of money within ninety days that his wife would sell the property back to the grantors. This is almost an everyday occurrence, and is nothing more than an offer to resell the property within a reasonable time.

The chancellor was correct in dismissing the bill, and his decree is affirmed.

*Affirmed.*