ENOCHS-FLOWERS, LIMITED, *et al. v.* BANK OF FOREST.

(Division A. November 26, 1934.)

[157 So. 711. No. 31360.]

(Division A.   February 18, 1935.)

[159 So. 407.   No. 31360.]

Green, Green & Jackson, of Jackson, for appellants.

**O. B. Triplett, Jr.,** of Forest, and **W. I. McKay,** of Vicksburg, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a decree rendered on a decree pro confesso.

The appellee exhibited a bill of complaint against E. G. Flowers and several others, one of whom is I. C. Enochs, Jr., alleging that I. C. Enochs, Sr., now deceased, prior to his death, conveyed a large amount of property to the appellants and I. C. Enochs, Jr.; that the terms of the conveyance and acceptance of it by the appellants and I. C. Enochs, Jr., constituted them copartners, and they are now engaged in business as such under the name of Enochs-Flowers, Ltd.; that on April 3, 1933, Enochs-Flowers, Ltd., executed two promissory notes, payable October 3, 1933, evidencing a debt due by the copartnership. Both notes recited that certain collateral had been deposited with the appellee to secure the payment of said notes, and "in case this note shall not be paid when due, the holder is hereby authorized to sell the said collaterals, or any part thereof, at any time thereafter, at public or private sale, without advertising the same or giving any notice, and to apply the net

proceeds, after paying all expenses, to the payment of this note." No permission is contained therein for the purchase of the collateral by the appellee itself.

The prayer of the bill was for a personal judgment against the defendants and for the sale of the collateral pledged as security for the payment of the notes.

Process was issued for all the defendants, and served personally on all of them except I. C. Enochs, Jr., as to whom the return on the process was "not found in Hinds County."

The notes sued on were made exhibits to the bill of complaint, but the conveyance from I. C. Enochs, Sr., to the defendants, and the collateral pledged as security for the notes, were not. In due course a decree pro confesso was rendered against all the defendants except I. C. Enochs, Jr., as to whom the case was continued with an order for alias process. The decree awards a personal judgment on the notes against all the defendants, except I. C. Enochs, Jr., and directs "that, unless said indebtedness shall be fully paid within thirty days from the date hereof, the complainant be, and it is, hereby empowered and authorized to sell said securities to the highest bidder for cash, without notice, either at public or private sale, according to the terms of said notes, and may become the purchaser thereof at such sale, apply the net proceeds of such sale towards the satisfaction of this decree, and to account to defendants for an excess of such proceeds over said indebtedness."

The appeal is by all the defendants to the bill except I. C. Enochs, Jr. The appellants' complaints are:

1. That the bill is fatally defective in that the conveyance from I. C. Enochs, Sr., to the defendant, and the collateral pledged as security for the payment of the notes, were not made exhibits thereto;

2. That I. C. Enochs, Jr., is an indispensable party to the bill, and no decree should have been rendered in the absence of service of process on him; and

3. That the court should not have authorized the appellee to purchase the collateral at a sale thereof to be made by it.

Sections 526 and 527, Code 1930, which apply to suits in equity (Thomas v. B. Rosenberg & Sons, 153 Miss. 314, 120 So. 732), provide that: (section 526) ''In actions founded on any writing, a copy of such writing, with the names of subscribing witnesses, if any, shall be annexed to or filed with the declaration; and evidence thereof shall not be given on the trial unless so annexed or filed;'' (section 527) ''A copy of any writing of which profert is made, or ought to be made, in any pleading, shall be annexed to or filed with the pleading, with the names of the subscribing witnesses, if any, and evidence thereof shall not be given at the trial unless so annexed or filed.''

The action of the complainant is not founded on the conveyance from I. C. Enochs, Sr., to the appellants, nor on the collateral pledged as security for the payment of the notes sued on. The foundation of the action both as to the personal judgment sought and the decree ordering the sale of the collateral pledged is the notes themselves, each of which contained an agreement for the sale of the collateral; and the conveyance from I. C. Enochs, Sr., and the collateral pledged, are not such instruments as profert thereof is required. 21 C. J. 403; 49 C. J. 603. The allegation that the appellants were constituted copartners by virtue of the conveyance made by I. C. Enochs, Sr., to them was unnecessary. All that was necessary was an allegation to the effect that they were copartners, doing business under the name of Enochs-Flowers, Ltd., and that they executed the notes sued on by the copartnership name. Section 525, Code 1930. Moreover, the failure of a pleader to comply with the provisions of sections 526 and 527, Code 1930, can be availed of only by seasonable objection thereto in the

trial court. Bank of Louisiana v. Ballard, 7 How. 371; Tierney v. Duffy, 59 Miss. 364.

I. C. Enochs, Jr., was not an indispensable party either to the rendition of the personal judgment against his codefendants or to the order directing the sale of the collateral pledged as security for the notes sued on. The obligation of the defendants to the notes sued on was joint and several; and a judgment against one or more, but less than all of them, does "not affect any right of the plaintiff as to the other parties, unless satisfaction has been obtained." Sections 2027, 2028, Code 1930. The order directing the sale of the collateral is governed by section 2988, Code 1930, which provides that, "In actions against partners, some of whom are non-residents of this state or cannot be found, service of process on such partners as may be found in this state shall be sufficient to maintain the suit against all the partners so as to bind the assets of the partnership, and of the individual summoned."

It will not be necessary for us to determine whether the return on the process, "not found in Hinds County," as to I. C. Enochs, Jr., is a sufficient showing under the statute that such is the fact, for the reason that the decree, in so far as it directs the sale of the collateral, must be reversed for the reason that the court below erred in permitting the appellee to purchase the collateral at a sale thereof to be made by it.

It is true that in judicial sales of property pledged as security for debts, to be made by persons other than the pledgee, it is not improper for the decree ordering the sale to permit the pledgee to purchase thereat. Ordinarily a sale of property ex vi termini contemplates two parties thereto, the seller and the purchaser; and when property is pledged as security for a debt under a contract authorizing the pledgee to sell it in default of the payment of the debt, the pledgee cannot purchase at his

own sale without the consent of the pledgor thereto. Byrd v. Clark, 52 Miss. 623; Houston v. National Mut. Bldg. & Loan Association, 80 Miss. 31, 31 So. 540, 92 Am. St. Rep. 565; Smith v. Beard, 128 Miss. 1, 90 So. 592; 49 C. J. 1006. All the reasons for this rule apply to a judicial sale wherein the pledgee himself makes the sale; and the courts generally so hold. 35 C. J. 32.

Section 469, Code 1930, authorizes the chancellor or the chancery court to order the sale of personal property "at private sale, under such terms and conditions as the chancellor may impose;" but this cannot be construed to authorize the court to permit the person making the sale to become the purchaser thereat, thereby imposing upon him inconsistent rights and duties.

The decree of the court below will be affirmed in so far as it renders a personal judgment against the appellants; but it will be reversed and remanded in so far as it directs the sale of the collateral pledged for the security of the debt.

So ordered.

ON SUGGESTIONS OF ERROR.

**Smith, C. J.,** delivered the opinion of the court on suggestions of error.

The appellants and the appellee have both filed suggestions of error herein. The appellants reaffirm their original contention that this is a suit to foreclose a lien on property, specifically for the sale of pledged property, and that all the pledgors are indispensable parties thereto, and make the additional point that the court was without authority to render a decree for the payment of the debt sued on, except as an incident to a decree for the sale of the property pledged as security therefor, from which it follows that the decree of the

court below should have been reversed in toto, and not affirmed in so far as it awards a judgment for the amount of the debt. The answer to the first of these contentions, as pointed out in our original opinion, is found in section 2988, Code 1930.

Having taken jurisdiction of the case, the court below was authorized to administer full relief, including the award of a judgment for the debt sued on, Edgewater Park Co. v. Standard Bond, etc., Co., 162 Miss. 684, 138 So. 811, although the prayer for the sale of the property pledged as security therefor should be denied, Atkinson v. Felder, 78 Miss. 83, 29 So. 767. Should the court below, on the return of the case thereto, award a sale of the property pledged, how the court should then deal with the judgment on the debt theretofore rendered is set forth in Edgewater Park Co. v. Standard Bond, etc., Co., supra. We committed no error, therefore, in affirming the judgment for the debt sued on.

The appellee also suggests now that instead of remanding the case, we should have rendered a final judgment here amending the decree of the court below "either by withdrawing the permission to the pledgee to purchase, or by appointing an officer of the lower court to conduct the sale and permit the pledgee to purchase."

The appointment of a commissioner to make the sale is for the trial court, and should we eliminate from the decree the permission to the appellee to purchase at its own sale, the decree would still be incomplete and erroneous, as pointed out by counsel for the appellants.

The sale to be made is not under the power given the appellee in the pledge agreement, but is an ordinary judicial sale. Such sales are incomplete until, and must be, confirmed by the court, except when the rule of confirmation in pais applies. Griffith's Chan Prac., section 656. This decree, erroneously, relieves the person appointed to make the sale from reporting it to the court for confirmation.

Both suggestions of error are overruled.