GOOSBY *v.* BYRD.

(Division A. April 19, 1943.)

[13 So. (2d) 33.  No. 35332.]

**W. D. Jones** and **John T. Smith,** both of Cleveland, for appellant.

**Hugh F. Causey**, of Cleveland, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The court below overruled a general demurrer to a bill of complaint and granted an appeal to settle the principles of the case. The appellee's bill of complaint alleges in substances that in November 1933 the appellant executed to her a deed of trust on real property to secure

the payment of a promissory note due and payable in November 1934, which note the appellee still holds, with no payments thereon. The deed of trust, a copy of which is made an exhibit to the bill, provides that: ''The undersigned further agrees to keep the taxes paid on said lands and on failure, so to do, the owners of the above indebtedness may pay the same and charge the amount as a part of the indebtedness secured hereby.''

The appellee paid the taxes on this land for several years, default in the payment thereof having been made by the appellant. The bill ''prays the court to state the indebtedness owing by said Sam Goosby to complainant by proper decree and decree that complainant is entitled to recover the same from said defendant, Sam Goosby, and decree that complainant be subrogated to all of the liens and rights of the Town of Shaw and Bolivar County as against said property, to the extent of such taxes so paid by complainant to the authorities of said town and county, and to enforce all of such liens and rights so decreed to complainant by a sale of said property under the orders of this court, so that complainant may recover all said sums so owing to her with legal interest thereon to the date of payment.''

Counsel for the appellee admit that the note secured by this deed of trust is barred by limitation, and counsel for the appellant admit that the appellee could recover a portion of the taxes here paid by her in a court of law.

A mortgagee who, without being obligated so to do, discharges a superior lien on the mortgaged property in order to protect the lien of his mortgage may be subrogated to the right to enforce the lien discharged ''if necessary for the doing of complete justice between'' him and his mortgagor. But the appellee's case does not come within this rule for the reason that when she paid the taxes on this land the amount thereof automatically became ''a part of the indebtedness secured'' by the deed of trust executed to her by the appellant, consequently no necessity then existed for subrogating her to this tax lien.

That she may have permitted her right to resort to this mortgage lien to be barred by limitations, as counsel assume, but as to which we express no opinion, resulted from her own fault from which equity will not relieve her. While the appellee's claimed right of subrogation does not here exist, the court below committed no error in overruling the appellant's general demurrer to the bill of complaint for the reason that without this claimed right of subrogation there remains for trial the appellee's claim for a personal decree against the appellant for the taxes paid by her, a part at least of which counsel for the appellant admit could be recovered by the appellee in an action at law. Atkinson v. Felder, 78 Miss. 83, 29 So. 767; Enochs-Flowers, etc., v. Bank of Forest, 172 Miss. 36, 157 So. 711, 159 So. 407.

Affirmed and remanded.