WESTERN CASUALTY & SURETY CO. *v.* FOX-EVERETT, INC.

No. 39509 March 7, 1955 78 So. 2d 363

*Byrd, Wise & Smith,* Jackson, for appellant.

*Wright, Overstreet & Kuykendall*, Jackson, for appellee.

McGehee, C. J.

This suit was originally instituted by Howard Knowles, doing business as Knowles Material Company, against Ike S. Reid, who had contracted to construct sanitary sewers, manholes, etc., for the City of Jackson, and against the appellant, Western Casualty & Surety Company, as surety on the performance bond of the contractor in the penal sum of $148,113.25. Knowles had furnished certain materials used in the construction of the work covered by the contract. He filed as an exhibit to his bill of complaint a copy of the surety bond given by Reid as aforesaid for the faithful performance

of his contract, but he did not file as an exhibit thereto a copy of the contract itself.

Thereafter the appellee, Fox-Everett, Inc., filed a petition to be allowed to intervene in the suit, and was allowed to do so, on the ground that it had paid out for the contractor the sum of $2,565.10 in premiums for workmen's compensation insurance on behalf of the contractor, and the sum of $1,630.00 for public liability insurance on his behalf.

The original suit and the petition of this intervenor and another were conducted pursuant to Section 9014, et seq., Code of 1942, and were filed after the six months period had expired within which the obligee in the bond, the City of Jackson, had the first right to sue on the said performance bond, after the completion of the contract and the publication of notice in that behalf. The suits were filed by Knowles and the intervenors within the twelve months required by the above mentioned statutes.

The petition of intervention filed by the appellee, Fox-Everett, Inc., made the performance bond an exhibit thereto by reference to the same as an exhibit to the bill of complaint in the original suit filed by Knowles, but the petition of intervention of the said appellee also failed to make the contract entered into between Ike S. Reid and the City of Jackson an exhibit to the intervention petition.

One of the principal points argued by the appellant, Western Casualty & Surety Company, is that the petition of intervention failed to state a cause of action on the ground that the contract between the contractor Reid and the City of Jackson should have been made an exhibit to the petition of intervention along with the performance bond on which the said appellant was the surety, in order that the court might determine whether or not the contractor was required to furnish workmen's compensation insurance and whether or not the surety

was obligated to see to it that the contractor performed his contract in that regard.

 ██ Sections 1469 and 1470, Code of 1942, require, among other things, that "there shall be annexed to or filed with the declaration in every case &ast; &ast; &ast; founded on any writing, a copy of such writing &ast; &ast; &ast;; and evidence thereof shall not be given on the trial unless so annexed or filed; and the same shall constitute a record of the cause." These statutes announce a rule of evidence and not one of pleading and practice, and the failure to annex to or file with the declaration founded on any writing, a copy of such writing, can be availed of only by seasonable objection in the trial court. Enochs-Flowers, Inc. v. Bank of Forest, 172 Miss. 36, 157 So. 711, 159 So. 407; Alexander v. Carsley, 199 Miss. 881, 25 So. 2d 709; 4 C. J. S. page 547 Section 278.

Although both the contractor and the appellant as surety on his performance bond were personally served with process for the time required by law, they failed to plead to the petition of intervention, and a final decree was entered against them for the amount sued for. On February 18, 1954, a final decree was entered on behalf of the appellee, Fox-Everett, Inc., for the principal sum of $4,195.40, together with accrued interest thereon from July 10, 1951, at the rate of 6 percent per annum in the sum of $602.06, together with attorney's fees in the sum of $700.00, (being the amount of attorney's fees sued for and alleged in the petition to be a reasonable fee), or a total sum of $5,497.46. This final decree which recited the facts as to the default of the defendants in making any defense to the petition of intervention, contained a finding by the chancellor that "the aforesaid sum of $700.00 is a reasonable attorney's fee on the intervention petition of Fox-Everett, Inc."

 ██ It was unnecessary for a decree pro confesso to have been entered prior to the rendition of this final decree, and therefore the point that no decree pro confesso had been taken is of no avail to the appellant.

Hambrick v. Jones, 64 Miss. 240, 8 So. 176; Griffith's Mississippi Chancery Practice, Section 262 page 249 and Section 264 page 251.

Moreover, Section 1291, Code of 1942, provides that: "The defendant shall answer fully all of the allegations of the bill without being specially interrogated. All matters of fact averred in the bill and not denied by the answer otherwise than by the general traverse, may be taken at the hearing as admitted."

 █ The petition for intervention filed by the appellee, Fox-Everett, Inc., expressly alleged that "at the special instance and request of the defendant contractor, Ike S. Reid, it (the intervenor) furnished to said contractor certain workmen's compensation and public liability insurance *which was required of said contractor under the public contract* awarded by the City of Jackson" on the project in question. (Italics ours). The petition further alleged "that the said insurance was used in said public work and was payable by the contractor to the intervenor in the amounts and on the respective dates as shown on the sworn account attached as exhibit 'A' hereto." This petition of intervention further alleged that the defendants were indebted to the petitioner in the sums sued for, "together with his reasonable attorney's fee in the further sum of $700.00, and its cost in this behalf expended." This was an allegation of fact, and if the defendants had appeared and contested the intervention petition, and had denied the allegations of fact therein contained, then the petitioner would have been required to prove by the introduction of the contract and the performance bond that the indebtedness sued for was due and owing, and that the $700.00 fee sued for was a reasonable fee for the services rendered by the attorneys in the cause. But this the defendants failed to do and the petitioner was not required to make proof of any of the facts alleged in its petition.

Moreover, the performance bond of Ike S. Reid on which the appellant had become the surety, and which

bond was made an exhibit to the intervention petition by reference to the same as an exhibit to the original bill of complaint filed by Knowles, expressly provided that the principal in the bond "shall fully and completely perform all of the terms, covenants and conditions as in said contract contained on his part to be done and performed; and furnish all labor, material and equipment specified in said contract in strict accordance with the terms of said contract, * * * ; and shall promptly pay the said agents, servants and employees and all persons furnishing labor, material, equipment or supplies therefor, including premiums incurred, for surety bonds and liability insurance, in the course of the performance of said work, * * *." And the bond also expressly provided for the payment of "all of the expense and costs and attorney's fees that may be incurred in the enforcement of the performance of said contract, or in the enforcement of the conditions and obligations of this bond; * * *."

We call particular attention to the words "and liability insurance" and we emphasize the fact that it says "and liability insurance" and not "public liability insurance." We are of the opinion that workmen's compensation insurance is liability insurance, and that the defendants were liable for the same, especially in view of the undenied allegation contained in the petition to the effect that the petitioner "furnished to said contractor *certain workmen's compensation * *. * insurance which was required of said contractor under the public contract*" in question. (Italics ours).

Furthermore, since the petition of intervention was not contested, there was no necessity for the court reporter taking the oral proof, if any, and transcribing the stenographic notes thereof, and in view of the further fact that the chancellor found in his decree as a fact that $700.00 was a reasonable attorney's fee, we can not assume that the chancellor did not hear sufficient proof to justify such finding of fact, even if proof of

the truthfulness of the allegation of the petition in that behalf was required. However, the decree did not expressly recite that oral proof was heard. Moreover, we hold that under Section 1291, Code of 1942, supra, no proof of any of the material allegations of the petition was required, in the absence of any answer or other pleading denying such allegations.

The decree appealed from must, therefore, be affirmed. Affirmed.

*Hall, Lee, Kyle* and *Holmes, JJ.,* concur.